## IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY

| | |
|---|---|
| LATISHA MCNEILL <br> 650 Potomac Avenue, Apt 426 <br> Alexandria, VA 22301 <br><br> *Plaintiff*, <br><br> v. <br><br> P.J.K. FOOD SERVICE CORPORATION <br> converted to KEANY PRODUCE, LLC and d/b/a <br> KEANY PRODUCE COMPANY <br> 2405 York Road, Suite 101 <br> Lutherville Timonium, MD 21093 <br> *Serve Resident Agent:* <br>    The Corporation Trust Incorporated <br>    245 York Rd., Suite 201 <br>    Lutherville Timonium, MD 21093 <br><br> P.J.K. FOOD SERVICE, LLC d/b/a KEANY <br> PRODUCE & GOURMET <br> 3310 75th Ave. <br> Landover, MD 20785 <br> *Serve Resident Agent:* <br>    The Corporation Trust Incorporated <br>    245 York Rd., Suite 201 <br>    Lutherville-Timonium, MD 21093 <br><br> *Defendants*. | Case No.: 8:22-cv-1301 <br> JURY TRIAL DEMANDED |

### COMPLAINT & JURY DEMAND

Plaintiff LaTisha McNeill ("McNeill" or "Plaintiff"), by and through her undersigned attorneys, hereby brings this action against Defendants P.J.K. Food Service Corporation d/b/a Keany Produce Company and P.J.K. Food Service, LLC d/b/a Keany Produce & Gourmet (together, "Keany Produce") for damages stemming from Keany's violations of 42 U.S.C. § 1981. In further support, Plaintiff states as follows:

### The Parties

1. Plaintiff is an adult resident of Alexandria, Virginia who was employed by Defendants in their offices in Landover, Prince George's County, in the human resources department from about August 6, 2018 through about February 14, 2019 (the "relevant time period").

2. During the relevant time period, Plaintiff was a resident of Maryland.

3. Defendant P.J.K. Food Service Corporation d/b/a Keany Produce Company was originally formed under the laws of the State of Maryland. On or about December 26, 2017, it converted to Keany Produce, LLC, a Delaware limited liability corporation. Its principal place of business is in Prince George's County, Maryland.

4. Defendant P.J.K. Food Service, LLC is a Delaware limited liability corporation with its principal place of business in Prince George's County, Maryland.

5. Together, these entities comprise Keany Produce. They were integrated employers and jointly employed Plaintiff. These corporate entities share (1) share common management by members of the Keany family and their subordinates; (2) interrelated operations regarding food and produce delivery; (3) centralized control at the Landover offices of labor operations; and (4) common ownership/financial control by the Keany family.

## JURISDICTION & VENUE

1. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331, § 1332, § 1343(a)(4), and/or § 1367 and 42 U.S.C. § 2000e-5.

2. 42 U.S.C. § 1981 authorizes a private right of action. Plaintiff is entitled to a jury trial on her claims based under this statute.

3. Venue is proper in this District under 28 U.S.C. § 1391, where a substantial part of the events giving rise to Plaintiff's claims occurred.

**Facts Common to All Counts**

4. Plaintiff began working for Defendants on or about August 6, 2018. She worked for Defendants as a Senior Human Resources Generalist/Recruiter.

5. Evonne McCabe, Human Resources Director, hired Plaintiff. In the fall of 2018, McCabe quit working for Defendants.

6. After Ms. McCabe's departure, Plaintiff because the acting director of the Human Resources department in everything but name.

7. In December of 2018, Gregory Otterbein, the Chief Executive Officer, told Plaintiff to "hire mor Salvadoreans because they are the hardest working".

8. Around this time, the majority of Defendants' labor force, and job applicants, were black or Hispanic.

9. Plaintiff told Otterbein that hiring candidates based on race or national origin was illegal discrimination, but he ignored Plaintiff.

10. In January of 2019, Defendants hired Dennis Lugo to replace Brown as director of Human Resources. Plaintiff participated in the search and recruitment of Lugo. After his hiring, Lugo was Plaintiff's direct supervisor.

11. Lugo is of Hispanic/Latino ethnicity and speaks fluent Spanish.

12. At the time of Lugo's hiring and throughout the remainder of Plaintiff's employment, the Human Resources Department consisted of Lugo, Irene Campos, and Plaintiff.

13. Campos is Hispanic/Latino and speaks fluent Spanish.

14. Plaintiff is an African-American woman who does not speak or comprehend Spanish.

15. Throughout January and February of 2019, Lugo and Campos would speak Spanish to each other at the workplace during work hours. They would speak to each other in Spanish during HR department meetings, which consisted of just Lugo, Campos, and Plaintiff.

16. Plaintiff asked Lugo several times to speak English at work so she could be included. He dismissed Plaintiff's requests. In denying her request he responded "you need to learn Spanish. In our (Lugo and Campos') culture it is disrespectful if we do not speak our native language to each other." Lugo and Campos continued speaking Spanish to each other at work and to exclude Plaintiff from participating in workplace conversations, operations, and decisions.

17. On February 14, 2019, Defendants terminated Plaintiff's employment "due to fundamental and philosophical differences within the Human Resources Department."

18. Plaintiff had performed her work satisfactorily throughout her employment.

19. Any allegations/justifications provided by Defendants to legitimize Plaintiff's termination are pretexts for Defendants' true motivation for terminating Plaintiff's employment: to discriminate against the Plaintiff due to her race (African American), color (Black), and/or to retaliate against Plaintiff for engaging in the protected activity of opposing discrimination based on race, color, and national origin.

20. Despite being aware of the constant discrimination/retaliation Defendants failed to take any action to stop it.

21. Plaintiff has been unlawfully discriminated against due to her race (African American), color (Black), and retaliated against for opposing unlawful discrimination in the workplace.

### COUNT I
### Violation of 24 U.S.C. § 1981 – Discrimination
*Against All Defendants*

22. Plaintiff incorporates the preceding allegations as if set forth herein.

23. As described above, Plaintiff suffered intentional discrimination by Defendants because of Plaintiff's race, color, and/or national origin.

24. The discriminatory acts committed by Defendants, including through its agents, servants, and employees, were intentional and violate Section 1981.

25. But for Plaintiff's race (African American), color (Black), and national origin (American), Plaintiff would not have been discriminated against by Defendants and would not have suffered adverse employment actions (including termination).

26. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered substantial pecuniary losses, severe humiliation, mental anguish, and pain and suffering.

## COUNT II
### Violation of 24 U.S.C. § 1981 – Retaliation
*Against All Defendants*

27. Plaintiff incorporates the preceding allegations as if set forth fully herein.

28. As described above, Plaintiff suffered retaliation by Defendants she opposed, made complaints about, and pursued remedies for unlawful discrimination in the workplace based on race, national origin, and/or color.

29. These include direct communications with her supervisors Greg Otterbein and Dennis Lugo.

30. The discriminatory/retaliatory acts by Defendants, including through their agents, servants, and employees, were intentional and violate Section 1981.

31. But for the Plaintiff engaging in the protected activity of internally reporting unlawful discrimination to her employer, Plaintiff would not have suffered this retaliation, and would not have suffered adverse employment actions including her termination.

## COUNT III
## Violation of 24 U.S.C. § 1981 – Retaliation
*Against Defendant Dennis Lugo*

32. Plaintiff incorporates the preceding allegations as if set forth fully herein.

33. As described above, Plaintiff suffered retaliation by Defendant Lugo because of her race and/or because Plaintiff opposed, made complaints about, and pursued remedies for unlawful discrimination in the workplace based on race, national origin, and/or color.

34. The discriminatory/retaliatory acts by Defendants, including through their agents, servants, and employees, were intentional and violate Section 1981.

35. The discriminatory/retaliatory acts by Defendant Lugo, and others acting under her direction, were intentional and violate Section 1981.

36. But for the Plaintiff's race (African-American), color (Black), and national origin (United States), and but for Plaintiff engaging in the protected activity of internally reporting unlawful discrimination to her employer, Plaintiff would not have suffered this retaliation, and would not have suffered adverse employment actions including her termination.

37. As a direct and proximate result of Defendant Lugo's conduct, Plaintiff has suffered substantial pecuniary losses, severe humiliation, mental anguish, and pain and suffering.

WHEREFORE, Plaintiff hereby demands judgment against Defendants for compensatory (or actual) damages, including lost wages, salary, employment benefits, or other compensation denied or lost (or any actual monetary losses sustained by Plaintiff as a direct result of the violation(s) complained of herein), as well as non-economic damages, in an amount to be proven and determined at trial; punitive (or exemplary) damages as allowed by law; reinstatement (and/or front pay in lieu of reinstatement in an amount to be proven and determined at trial); interest as allowed by law; for such legal and/or equitable relief as may be appropriate, including back pay,

full restoration of benefits, and/or promotion; an award of attorneys' fees, expert witness fees, other litigation expenses, and costs of the action; and such other and further relief as the nature of Plaintiff's cause requires.

                          Respectfully Submitted,

                          **ZIPIN, AMSTER & GREENBERG, LLC**

                          By: */s/ Roy Lyford-Pike*
                               Roy Lyford-Pike, Esq.
                               Bar No. 19836
                               Zipin, Amster & Greenberg, LLC
                               8757 Georgia Avenue, Suite 400
                               Silver Spring, Maryland 20910
                               (301) 587-9373 (ph)
                               Email:  rlpike@zagfirm.com

                               *Counsel for Plaintiff*

## **DEMAND FOR JURY TRIAL**

The Plaintiff requests a trial by jury on all issues raised herein.

                          By: */s/ Roy Lyford-Pike*
                               Roy Lyford-Pike, Esq.